CHRISTOPHER R. HOOPER
State Bar No. 3970
ALLEN J. WILT
State Bar No. 4798
LIONEL SAWYER & COLLINS
50 W. Liberty Street, #1100
Reno, Nevada 89501
(775) 788-8666

Attorneys for Neal G. Cury,
Hospital Corporation of America,
Thomas A. Frist, Jr., Edward Stack,
Health Services Acquisition Corp.
and Nevada Psychiatric Company, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA J. SUTER, HORACE BURL SUTER, JR., RACHAEL J. SUTER,<br><br>Plaintiffs,<br><br>vs.<br><br>NEAL G. CURY, JR., HOSPITAL CORPORATION OF AMERICA, COLUMBIA-HCA, INC., THOMAS A. FRIST, JR., EDWARD STACK, JAMES DON, HEALTH ACQUISITION SERVICES, INC., NEVADA PSYCHIATRIC COMPANY, INC., DOE DOCTORS I-XX, DOES I-X,<br><br>Defendants. | Case No. CV-N-99-00286 DWH (RAM) |

**OPPOSITION TO PLAINTIFFS' MOTION FOR CRATEO INDICATION TO CONSIDER MOTION FOR RELIEF FROM ORDER AND TO RE-OPEN CASE FILE**

Plaintiffs have moved this Court for an indication, pursuant to Crateo, Inc. v. Intermark, Inc., 536 F.2d 862 (9th Cir. 1976), that this Court would be willing to entertain, and grant, a motion for

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

relief from the judgment in this case based on plaintiffs' claim of "newly discovery evidence." Defendants oppose the motion and request the Court decline to issue that indication. Plaintiffs' motion is both legally and factually unsupported.

Dated this 26th day of March, 2001.

LIONEL SAWYER & COLLINS

By _____
Christopher R. Hooper
Allen J. Wilt

Attorneys for Neal G. Cury, Hospital Corporation of America, Thomas A. Frist, Jr., Edward Stack, Health Services Acquisition Corp. and Nevada Psychiatric Company, Inc.

**POINTS AND AUTHORITIES**

## I. Introduction

To date, plaintiffs have presented their arguments before four different courts, including Nevada's Second Judicial District Court, the Nevada Supreme Court, this Court, and the Ninth Circuit Court of Appeals. In their latest litigation maneuver, plaintiffs seek to have this Court vacate its earlier order of dismissal, which currently is the subject of a pending appeal in the Ninth Circuit Court of Appeals.

The Order plaintiffs wish to have set aside determined that this Court lacks subject matter jurisdiction over the plaintiffs' claims pursuant to the Rooker-Feldman Doctrine. Nothing in the plaintiffs' motion or the exhibits attached to it affects that order or

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

2

undermines it in any way. Plaintiffs' motion should, therefore, be denied.

## II. Background

In 1994, Barbara, Burl and their daughter Rachael Suter sued Nevada Psychiatric Company, Inc. ("NPC"), several individual doctors and other corporate defendants in Nevada state court asserting contract and tort claims arising from psychiatric treatment provided to Rachael Suter. NPC reached a settlement with Rachael Suter, and all of the parents' claims against NPC were either dismissed or resolved against them on summary judgment. Similarly, all of plaintiffs' claims against the defendant doctors were either dismissed or resolved against them on summary judgment. The Suters appealed to the Nevada Supreme Court, which dismissed their appeal in October of 1998.

Dissatisfied with the results of their state court litigation, plaintiffs filed suit in this Court seeking damages and rescission of "all orders entered by the district court in the Suter case." The Suters' Complaint in this case asserts several causes of action, for breach of the settlement agreement, for fraud, for violation of plaintiffs' civil rights and others, all of which stem from what the Suters claim was "litigation fraud" in their state court case. See generally First Amended Complaint. The Suters complained they were deprived of a fair result in their state court litigation by conduct such as improper influence by Nevada State Court judges, a member of

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

the Nevada Legislature, and the wife of a Nevada Supreme Court Justice. Id. at p. 5.

This Court dismissed plaintiffs' Amended Complaint, finding that the Rooker-Feldman Doctrine deprived this Court of subject matter jurisdiction to set aside the results of the state court litigation. Plaintiffs timely appealed that order to the Ninth Circuit Court of Appeals. Now, plaintiffs request an indication from this Court that it would entertain and grant a Rule 60 motion to vacate that order based upon "newly discovered evidence."

### III. Legal Standard

Federal Rule of Civil Procedure 60 provides in pertinent part that a district court may on motion made within a reasonable time "relieve a party ... from a final judgment, order, or proceeding" for a number of reasons, including newly-discovered evidence. See Fed. R. Civ. P. 60(b). Because the appeal in this case is pending, this Court has no jurisdiction to enter a Rule 60 order. See Crateo, Inc. v. Intermark, Inc., 536 F.2d 862, 869 (9th Cir. 1976). At most, this Court may indicate that it would entertain, or that it would grant, a Rule 60 motion in light of the justification offered. See id. If this Court were to give such an indication, plaintiffs would then be permitted to apply to the appellate court for a remand. See id.

In order to succeed on a Rule 60(b)(2) motion, the movant must show that the new evidence "(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

such magnitude that production of it earlier would have been likely to change the disposition of the case." Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990)(internal quotation omitted); see also Wilson v. Upjohn Co., 808 F.Supp. 1321, 1323 (S.D. Ohio 1992) ("The moving party has an extremely difficult burden to overcome before the court can grant relief under Rule 60(b)(2)"). The Suters' motion fails on all three grounds.

## IV. Argument

### A. The evidence did not exist at the time of this Court's order.

The Suters make no attempt to show that the "new evidence" attached to their motion existed at the time this Court entered its order dismissing this matter on August 28, 2000. However, a review of those exhibits reveals them to be either undated or dated variously between December 11, 2000 and December 15, 2000 -- several months after this Court entered its order. The Suters have therefore failed to meet this requirement.

### B. The Suters have failed to establish due diligence.

To the extent the Suters seek to offer this evidence to show that there were civil and criminal investigations underway in other districts prior to this Court's order, or as proof of acts committed before that order, they have failed to make any showing that such evidence could not have been discovered through due diligence. Barbara Suter's own affidavit, attached as Exhibit A to plaintiffs'

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

motion, attests that she was aware at that time that other states and federal agencies were investigating HCA and its officers for "criminal conduct."[1] The Suters' failure to investigate further what Barbara Suter swore she was aware of <u>in November of 1999</u> cannot establish due diligence. See <u>Contempo Metal Furniture Co. of California v. East Texas Motor Freight Lines, Inc.</u>, 661 F.2d 761, 767 (9th Cir. 1981) (failure to investigate further what one party believed to be the facts prior to trial does not establish due diligence justifying a new trial).[2]

**C. The Suters' "new evidence" would not have affected the disposition of the case.**

Finally, and most important, the "new evidence" offered by the

---

[1]   Barbara Suter's affidavit provides in part:

1.   If called upon to testify, I have personal knowledge of the following facts and could competently testify to the same as follows.

2.   I have been involved in providing information to the United States Attorney's Office concerning this case and understand that certain high level HCA officials have been found guilty of felonies in the State of Florida. Currently, those convicted HCA officials are negotiating a deal to implicate other HCA officials.

3.   I am informed that a number of other States and Federal Agencies are investigating HCA, its previous and current officers for similar criminal conduct.

Affidavit of Barbara J. Suter, Exhibit A to Plaintiffs' motion at p. 1.

[2]   The same standard applies to a Rule 59 motion for new trial and a motion under Rule 60(b)(2). The only distinction is that Rule 60(b)(2), allowing a more belated attack on the judgment, may require a stronger showing. <u>Jones</u>, 921 F.2d at 878.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

6

Suters is irrelevant to this Court's decision that it lacks subject matter jurisdiction over their claim. The Suters, therefore, cannot establish that the evidence would have been likely to change that determination.

### 1. The evidence is irrelevant to the Rooker-Feldman Determination.

This Court dismissed plaintiffs' Complaint because it determined it lacked subject matter jurisdiction pursuant to the Rooker-Feldman Doctrine. Defendants' Motion, and this Court's Order dismissing the case, were based upon the allegations in plaintiffs' Amended Complaint and the relief they requested in that Complaint -- not on any evidentiary showing on the merits of the case. Even if plaintiffs' proffered evidence established what they claim it does, and supported the argument that their Complaint had substantive merit (it does neither), that evidence does nothing to support this Court's exercise of jurisdiction to overrule state court judgments. Plaintiffs have neither argued nor cited authority to suggest it would.

### 2. Plaintiffs' "newly discovery evidence" is irrelevant to plaintiffs' Complaint in this case

Not only is plaintiffs' proffered new evidence irrelevant to this Court's determination on subject matter jurisdiction grounds, that evidence does not even support the substantive allegations of the Suters' Complaint in this case. Throughout the Suters' Motion, counsel repeatedly declares that the evidence attached to that motion

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

7

contains and constitutes HCA's "admission" to the conduct alleged by the Suters in the present action. See Motion at p. 1, ll. 21-22; p. 3, ll. 9-10, p. 5, ll. 25-26, p. 6, ll. 6-7. As the Court may readily discern from its own review of the Complaint and the proffered evidence, these representations are simply false. The Suters' Complaint in this case alleged a breach of the settlement agreement in their state court case, and alleged that the Suters lost their state court case as a result of witness tampering, false affidavits, and misconduct by Nevada state employees, judges, and a state senator. These (unfounded) allegations are addressed nowhere in plaintiffs' claimed "newly discovered evidence." Those new materials relate to charges of Medicare and Medicaid billing violations -- improper billing practices, physician compensation and business transactions alleged to have harmed the government, not the Suters.

Those materials have nothing to do with the allegations asserted by the Suters in this case, accusing defendants and numerous state officials with misconduct in the course of the Suters' private litigation. Contrary to the Suters' misrepresentations, those materials do not pertain to their Complaint at all, much less to the limited ruling by this Court applying the Rooker-Feldman Doctrine.

V. Conclusion

The evidence offered by the Suters is insufficient to support their request to set aside the Court's order pursuant to Rule 60(b).

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

8

1
2
3  The Suters have not shown that the evidence existed at the time of
4  this Court's order, nor have they shown why they could not with due
5  diligence have timely produced evidence of the underlying
6  investigations referred to in those materials.  The evidence is
7  irrelevant to this Court's ruling applying the Rooker-Feldman
8  Doctrine, and does not even say what the Suters claim it does.
9  Defendants respectfully request that this Court decline to indicate
10 that it would grant plaintiffs' motion to set aside the order of
11 August 18, 2000.
12
13     Dated this 26th day of March, 2001.

LIONEL SAWYER & COLLINS

By _____
Christopher R. Hooper
Allen J. Wilt

Attorneys for Neal G. Cury, Hospital
Corporation of America, Thomas A.
Frist, Jr., Edward Stack, Health
Services Acquisition Corp. and Nevada
Psychiatric Company, Inc.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

## CERTIFICATE OF MAILING

The undersigned, being an employee of Lionel Sawyer & Collins, 50 West Liberty Street, Suite 1100, Reno, Nevada 89501 certifies that on this date a copy of Defendants' Opposition to Plaintiffs' Motion for Crateo Indication to Consider Motion for Relief from Order and to Re-Open Case File was mailed to the following interested party at his last known address:

Kevin Mirch
Attorney at Law
201 W. Liberty Street
Suite 201
P. O. Box 5396
Reno, Nevada 89513

DATED this 26th day of March, 2001.

Linda Forrester

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA
PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666